FILED

2024 Nov-21  AM 09:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TIFFANY HICKS-PERRY,** | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO.** |
| | ) | |
| **VS.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **HUBBELL POWER SYSTEMS, INC.,** | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Tiffany Hicks-Perry, by and through undersigned counsel, files this Complaint against Defendant Hubbell Power Systems, Inc., and alleges as follows:

## INTRODUCTION

1.      This is an action for damages and equitable relief arising from Defendant's unlawful conduct, including breach of contract, race, gender, and sex discrimination, retaliation, creation of a hostile work environment, OSHA retaliation, failure to promote/disparate pay, and wrongful termination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and Alabama law.

## PARTIES

2.    Plaintiff Tiffany Hicks-Perry is an adult resident of Jefferson County, Alabama.

3.    Defendant Hubbell Power Systems, Inc. ("Hubbell") is a corporation conducting business in Leeds, Alabama, and employs more than 280 employees at its Leeds facilities.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under federal law, including Title VII of the Civil Rights Act of 1964.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in Leeds, Alabama, within this District and Division.

6.    Plaintiff timely filed a charge of discrimination with the EEOC (Charge No. 420-2024-02812) and received a Right to Sue letter on August 23, 2024. This action is filed within 90 days of receipt of that letter.

## FACTUAL ALLEGATIONS

Employment History

7.      Plaintiff began her employment with Defendant in 2006 and was one of the few women working in Defendant's industrial setting.

8.      Plaintiff quickly excelled in her position, earning a promotion to trainer and training numerous employees, even training her supervisor Walter on the job.

<u>Hostile Work Environment and Disparate Treatment</u>

9.      Walter chose Plaintiff to be on Defendant's safety committee beginning around 2021 because Walter knew that Plaintiff would take the responsibility seriously and do her best to ensure that her coworkers worked safely.

10.     Plaintiff served on her union's safety committee beginning in 2022.

11.     While on these committees, Plaintiff was subjected to pervasive harassment and unsafe work conditions, including:

a.      Latwania Williams and Charlotte Garrett piling up workstations and buggies in a manner that obstructed Plaintiff's work area and created safety hazards.

b.      Niyah Thomas consistently overloading Plaintiff's workspace with bins and hoppers, creating unsafe and difficult conditions.

12.     On November 4 and 5, 2023, Niyah Thomas, Plaintiff's supervisor, exacerbated the hostile work environment by driving a forklift recklessly near Plaintiff's workstation, creating an unsafe work environment.

13. Plaintiff properly reported Thomas's safety violation.

14. Instead of Thomas receiving discipline, Plaintiff was suspended for three days following this event due to pretextual allegations that Plaintiff was refusing to work. and retaliating against Plaintiff for reporting these safety issues.

15. Thomas continued to retaliate against Plaintiff, subjecting her to increased scrutiny and excluding her from workplace perks after reporting these incidents.

16. On February 16, 2024, Thomas again created a safety hazard by placing a large bin too close to Plaintiff's workstation.

## Discrimination and Further Retaliation

17. Defendant failed to investigate Plaintiff's reports of discrimination and unsafe working conditions, instead retaliating against her for raising concerns.

18. Additionally, another female employee incorrectly believed that Plaintiff was interested in Walter romantically or sexually, and she and Walter began to tease and harass Plaintiff.

19. On February 20, 2024, Plaintiff was terminated based on a pretextual allegation that she violated Defendant's tardiness policy.

20. Defendant justified the discharge by falsely stating that Plaintiff had two previous write-ups; she did not.

21.   Defendant applied the tardiness policy more harshly to Plaintiff, a female employee, than Defendant did to similarly situated male employees.

22.   Defendant's conduct was motivated by Plaintiff's race, gender, and her previous protected activity, including reporting safety violations and discrimination.

23.   Defendant's Foundry Manager, Humberto Hernandez, ratified the decision to fire Plaintiff and perpetuated the hostile work environment and disparate treatment.

## CLAIMS FOR RELIEF

### Count I: Breach of Contract

24.   Plaintiff incorporates Paragraphs 1-23 as if fully set forth herein.

25.   Defendant failed to enforce the terms of the union agreement by failing to ensure pay equity, promotion opportunities, adherence to safety protocols, and a discrimination-free workplace.

26.   Defendant also failed to adequately investigate Plaintiff's claims of discrimination, thereby breaching its obligations under the agreement.

27.   As a result, Plaintiff has suffered economic and emotional damages.

### Count II: Title VII - Discrimination (Race, Gender, and Sex)

28.   Plaintiff incorporates Paragraphs 1-23 as if fully set forth herein.

29.   Plaintiff was subjected to adverse employment actions, including disparate treatment, hostile work environment, and termination, based on her race, gender, and sex.

30.   Defendant's conduct violated Title VII, causing Plaintiff to suffer damages.

Count III: Title VII – Retaliation and Retaliatory Discharge

31.   Plaintiff incorporates Paragraphs 1-23 as if fully set forth herein.

32.   Plaintiff engaged in protected activity by reporting discrimination and unsafe working conditions.

33.   Defendant retaliated against Plaintiff by increasing her workload, scrutinizing her performance, and ultimately terminating her employment.

Count IV: Title VII - Hostile Work Environment

34.   Plaintiff incorporates Paragraphs 1-23 as if fully set forth herein.

35.   Defendant's employees, including supervisors, subjected Plaintiff to repeated harassment and unsafe working conditions that were severe or pervasive enough to create a hostile work environment.

36.    Defendant failed to take corrective action, despite Plaintiff's complaints.

### Count V: Failure to Promote/Disparate Pay

37.    Plaintiff incorporates Paragraphs 1-23 as if fully set forth herein.

38.    Plaintiff was denied promotions and pay commensurate with her experience and contributions, while less qualified male employees received such opportunities.

### Count VI: OSHA Retaliation

39.    Plaintiff incorporates Paragraphs 1-23 as if fully set forth herein.

40.    Plaintiff reported safety violations and unsafe working conditions.

41.    Defendant retaliated against Plaintiff for these reports, culminating in her termination.

### Count VII: Wrongful Termination

42.    Plaintiff incorporates Paragraphs 1-23 as if fully set forth herein.

43.    Defendant's termination of Plaintiff was motivated by discrimination, retaliation, and pretextual reasons, in violation of Alabama public policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1.    Compensatory damages, including back pay, front pay, and emotional distress;

2.    Punitive damages;

3.    Reinstatement or alternative equitable relief;

4.    Pre- and post-judgment interest;

5.    Attorneys' fees and costs; and

6.    Any other relief this Court deems just and proper.


Respectfully submitted this 20th day of November, 2024.

/s/ Richard A. Rice
Richard A. Rice
ASB8387I66R


OF COUNSEL:
**THE RICE FIRM LLC**
115 RICHARD ARRINGTON JR. BLVD.
Birmingham, Alabama 35203
(205) 618-8733 - Telephone
(888) 391-7193 - Fax
Counsel for Plaintiff


**JURY DEMAND**

**Request for Service By Certified Mail (Clerk):**

Hubbell Power Systems Inc.
c/o CORPORATION SERVICE COMPANY INC (registered agent)
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104


Hubbell Power Systems Inc. (courtesy copy)
c/o Daniel B. Harris
Jackson Lewis P.C. Law Firm
800 Shades Creek Parkway
Suite 870
Birmingham, AL 35209